# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 25-1699, O'Connor, Adm. Estate of Kim v. Fairfax Taxi, Inc. |
| **Originating No. & Caption** | 1:23-cv-01756; O'Connor, Adm. Estate of Kimv. Fairfax Taxi, In |
| **Originating Court/Agency** | US District Court for the Eastern District of Virginia |

| **Jurisdiction** (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC 1332 | | |
| Time allowed for filing in Court of Appeals | 30 days | | |
| Date of entry of order or judgment appealed | May 19, 2025 | | |
| Date notice of appeal or petition for review filed | June 17, 2025 | | |
| If cross appeal, date first appeal filed | | | |
| Date of filing any post-judgment motion | | | |
| Date order entered disposing of any post-judgment motion | | | |
| Date of filing any motion to extend appeal period | | | |
| Time for filing appeal extended to | | | |
| Is appeal from final judgment or order? | | ● Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | | |
|---|---|---|---|
| Is settlement being discussed? | | ○ Yes | ● No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

\* On Judge's Instructions, Court reporter did not record the February 20, 2025 hearing. Plaintiff will submit a Statement of Facts

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | 25-1702, Jung v. Fairfax Taxi, Inc. et. al. | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ⦿ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

This is a wrongful death case that arose from a tragic collision on the GW Parkway. Plaintiff's decedent, Hyo Jung Kim, was a Korean citizen visiting the United States for a business conference. She was a passenger in the Red Top taxi cab driven by Amoah Gyimah. The Plaintiff alleged that Gyimah was an employee of Fairfax Taxi, Inc. This allegation was based on good faith belief that a jury could reasonably conclude that the four factor test of McDonald v. Hampton Training School for Nurses, 254 Va. 79, 81 486 S.E.2d 299, 300-301 (1997) had been met to prove that Gyimah was an employee not an independent contractor of Fairfax Taxi. Nevertheless, Judge Hilton sua sponte determined that res judicata applied due to a previously non-suited case filed in Virginia State Court and that the evidence supported a finding that Gyimah was an independent contractor and dismissed Fairfax Taxi, Inc. from the case based on the pleadings. This was reversible error.
In addition, Judge Hilton granted summary judgment to Evelyn Kenin the Administrator of the Estate of Amoah Gyimah. In spite of a vast array of circumstantial evidence, Judge Hilton concluded that there was no genuine issue of fact that Mr. Gyimah was not negligent. Further, Judge Hilton denied Plaintiff's motion to file attachments to the expert designation. The attachments were not filed timely due to a clerical error in the Counsel's use of the ECF system, but were identical to the language contained in Plaintiffs′ Expert Designation, which was timely filed

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| I. Did Judge Hilton commit reversible error by dismissing Fairfax Taxi, Inc. based solely on the pleadings.<br>II. Did Judge Hilton commit reversible error by granting summary judgment to the Defendants despite a genuine question of fact presented by Plaintiffs through circumstantial evidence?<br>III. Did Judge Hilton abuse his discretion by denying the Plaintiffs the opportunity to file the attachments to their expert designation, which had not been timely filed due to a clerical error, but was identical to the language in Plaintiffs' Expert Designation, which was timely filed? |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Fairfax Taxi, Inc.<br><br>Attorney: John McGavin and Gifford Hampshire<br>Address: McGavin, Boyce, Bardot, Thorsen & Katz, P.O.<br>9990 Fairfax Blvd, Suite 400<br>Fairfax, VA 22030<br><br>E-mail: jmcgavin@mbbtklaw.com;ghampshire@mb<br><br>Phone: 703-385-1000 | Adverse Party: Evelyn Kenin, Adm Estate of Kim<br><br>Attorney: John McGavin and Gifford Hampshire<br>Address: McGavin, Boyce, Bardot, Thorsen & Katz, P.O.<br>9990 Fairfax Blvd, Suite 400<br>Fairfax, VA 22030<br><br>E-mail: jmcgavin@mbbtklaw.com; ghamphsire@mt<br><br>Phone: 703-385-1000 |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Deborah E. Mayer          **Date:** 7/3/25

**Counsel for:** Brian O'Connor, Administrator Estate of Hyo Jung Kim

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

|  |  |
|---|---|
|  |  |
| Signature: | Date: |